# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 21-7118**

**September Term, 2021**

FILED ON: MARCH 25, 2022

SITO PANTOJA, ET AL.,
                APPELLANTS

v.

ROBERT MARTINEZ, ET AL.,
                APPELLEES

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:21-cv-02197)

---

Before: TATEL and MILLETT, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*.

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R. App. P. 34(a)(2); D.C. Cir. R. 34(j). The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. Cir. R. 36(d). For the following reasons, it is

**ORDERED AND ADJUDGED** that the judgment of the district court be **AFFIRMED**.

This is a dispute over internal union affairs. Sito Pantoja, a long-serving union official, was stripped of various leadership roles within the union because of his opposition to another union official. Pantoja, joined by two union members, filed suit, claiming that this violated the Labor-Management Reporting and Disclosure Act. Pantoja and the two union members sought a mandatory preliminary injunction restoring Pantoja to his former roles, but the district court denied the motion because—among other reasons—it determined that they did not demonstrate a substantial likelihood that they would succeed on the merits. We affirm.

# I

Appellants are not entitled to a mandatory preliminary injunction—it requires a higher standard than an ordinary preliminary injunction, *Singh v. Carter*, 185 F. Supp. 3d 11, 17 (D.D.C. 2016)—because they cannot show a "substantial likelihood of success on the merits" that is "often the dispositive" factor in this context. *Greater New Orleans Fair Hous. Action Ctr. v. U.S. Dep't of Hous. & Urb. Dev.*, 639 F.3d 1078, 1083 (D.C. Cir. 2011). In *Finnegan v. Leu*, 456 U.S. 431 (1982), the Supreme Court explained that the Labor-Management Reporting and Disclosure Act does not prevent union leadership from granting and withdrawing appointments based on the political loyalty of appointees. *Id*. at 441–42. The Court recognized that the ability to control subordinates was necessary for administration of the union by elected union leaders. *Id*. That technique was employed here. The union president exercised his right under the union constitution to reassign Pantoja from the General Vice President of the Transportation Department to the General Vice President of the newly created National Apprenticeship Strategic Initiative. *See* I.A.M. Const. Art. VI, § 6 ("The [International President] shall assign the elected [General Vice Presidents] to such territories or industries as are necessary to promote the best interests of the I.A.M. as provided in SEC. 1, Art. VIII."); I.A.M. Const. Art. VIII, § 1 ("When not in attendance at meetings of the [Executive Council], the [General Vice Presidents] shall act as general organizers, or shall perform such duties, in such territories or industries as may be decided by the [International President] to be for the best interests of the I.A.M., and shall report their activities from time to time as may be deemed necessary."). Appellants' request for Pantoja to be restored to his former position therefore runs afoul of *Finnegan*.

To be sure, as Appellants argue, there are limits to what union leadership can do to elected union leaders, as the Supreme Court recognized in *Sheet Metal Workers' International Association v. Lynn*, 488 U.S. 347 (1989). Union leaders cannot strip elected union officials from their *elected* posts for voicing dissent without violating the Labor-Management Reporting and Disclosure Act. *Id*. at 354. But here, Pantoja has not been ousted from his elected post—that of General Vice President—nor have the incidents of this office such as salary, benefits, and the right to participate in the union's Executive Council been impaired. *Cf. Gilvin v. Fire*, 259 F.3d 749, 758 (D.C. Cir. 2001) (indefinite suspension of an elected official violates Labor-Management Reporting and Disclosure Act); *McCormick v. Zero*, 110 F. Supp. 2d 716 (N.D. Ill. 2000), *vacated*, 2 F. App'x 559 (7th Cir. 2001) (cutting salaries of and barring elected officials from access to union offices violates the Labor-Management Reporting and Disclosure Act). Pantoja was elected a General Vice President, not specifically General Vice President of the Transportation Department; his assignment to that particular department is an appointment that falls under union leadership's discretion as described by *Finnegan*.

2

The district court did not abuse its discretion in refusing to analyze the applicability of a potential exception to *Finnegan* recognized by the Second Circuit. *See Maddalone v. Loc. 17, United Bhd. of Carpenters & Joiners of Am.*, 152 F.3d 178, 184 (2d Cir. 1998) (holding that the removal of an appointed officer is prohibited if it is part of a "purposeful and deliberate attempt to . . . suppress dissent within the union" (quoting *Schonfeld v. Penza*, 477 F.2d 899, 904 (2d Cir. 1973))). Appellants only raised that argument in a cursory footnote and did not sufficiently develop it—courts are not required "do counsel's work" when faced with a "skeletal" argument. *New York Rehab. Care Mgmt., LLC v. N.L.R.B.*, 506 F.3d 1070, 1076 (D.C. Cir. 2007).

## II

Finally, we need not consider Appellants' argument that a new mandatory retirement rule was retaliatory. Although Appellants argued below that the new mandatory retirement rule was adopted by the union to cut Pantoja's vice presidency short, Appellants never asked the district court to enjoin that rule. Instead, in both their prayer for relief and their proposed order attached to their motion for preliminary injunction, Appellants asked for a restoration of Pantoja's appointed positions and an injunction requiring the union to allow him to fulfill all his duties as an elected General Vice President.[1] The district court correctly noted that Appellants had not sought to enjoin the new rule and therefore it did not have to consider whether the rule was retaliatory.

For these reasons, we affirm.

\* \* \*

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41.

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk

---

[1] Appellants also asked for particular financial records to be produced in their prayer for relief and for the injunction to be published on the union's website.